## ANDERSON *v.* CITY OF DETROIT.

Public Works—Contractors and Subcontractors—Claim for
   Personal Injury—Settlement—Mandamus to City.

   Where, in an action against a paving contractor by a sub-
     contractor, it was determined that the plaintiff was not
     entitled to recover a balance due upon his subcontract, repre-
     sented by a certified check deposited with the city by the
     defendant upon payment by it of the contract price, pending
     the settlement of a citizen's claim against the city for personal
     injuries sustained by reason of the negligence of the sub-
     contractor, such adjudication was sufficient ground for the
     court's declining to issue a *mandamus* to compel the city, after
     its liability to the citizen had been discharged, and pending
     its suit against the contractor for reimbursement, to turn
     over the check to the subcontractor.

*Certiorari* to Wayne; Hosmer, J. Submitted June 5,
1900. Decided June 18, 1900.

*Mandamus* by Andrew Anderson against the city of
Detroit and the board of public works of said city to com-
pel the delivery of a certified check. From an order
denying the writ, relator brings *certiorari*. Affirmed.

*George Gartner*, for relator.

*C. D. Joslyn*, for respondents.

Long, J. The whole subject of this controversy was
before this court in *Anderson* v. *Grant*, 114 Mich. 161
(72 N. W. 144). It now appears that the check of $421.65
is still held by the board of public works, and a *manda-
mus* was asked in the court below to turn it over to the
relator. This the court below refused. It is claimed by
counsel for relator that assuming that Dooley was injured,
and that by reason thereof he had a claim against the city
or against Grant or against Anderson, or against them all

jointly, yet, this being an independent matter, this claim cannot be taken into consideration here. This contention cannot be sustained. In the former case it appeared that Anderson sued Grant for this $421.65, and it was held that he could not recover, on account of the pendency of the Dooley claim. This is the identical amount and the identical money which it was there held that Anderson had no right to have; by reason of the Dooley claim. It appears now that Dooley has sued the city and obtained judgment, and there is now a suit pending in behalf of the city against Grant to recover from him the amount of the Dooley judgment. The question was settled in the former case that, under the circumstances there, Anderson could not recover. He is in the same position still with regard to the Dooley matter.

The court below very properly denied the writ of *mandamus*. The judgment must be affirmed.

The other Justices concurred.